IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the | ) | |
| PLUMBERS' LOCAL UNION NO. | ) | |
| 93 U.A. RETIREMENT ACCOUNT | ) | |
| FUND ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 13 C 3675 |
| | ) | |
| SHULL PLUMBING, INC., an | ) | |
| Illinois Corporation, and | ) | |
| SHELDON JACK SHULL, an | ) | |
| individual. | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

The Plaintiffs in this breach of contract action administer trust funds that collect contributions from numerous employers who have entered into collective bargaining agreements with the Chicago Journeyman Plumbers Local Union 130 U.A., as successor in interest to the Plumbers' Local Union No. 93 U.A. ("Union").[1]

The Plaintiffs have moved for summary judgment against Shull Plumbing, Inc. ("Shull Plumbing") and its owner for breaching a settlement agreement, collective bargaining agreement, and trust agreements. I grant the Plaintiff's unopposed motion for the reasons stated below.

---

[1] I use the general term "contributions" given that the Plaintiffs include the trustees of a retirement fund, a pension fund, a health and welfare fund, an apprenticeship committee fund, and an industry advancement fund.

1

I.

The Defendants did not file a response in opposition to the Plaintiffs' motion for summary judgment by the court ordered deadline or seek an extension of time. Therefore, pursuant to Local Rule 56.1(b)(3)(C), all facts set forth in the Plaintiff's statement of facts are deemed admitted. Nonetheless, "even where the non-moving party fails to file a timely response to a motion for summary judgment, the district court must still review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozy v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996).

In July 1970, Shull Plumbing agreed to be bound by a collective bargaining agreement ("CBA") entered between the Union and an employer association in Lake and McHenry counties. Pls.' Statement of Facts ("SOF"), Dkt. No. 15, ¶ 7. The CBA also bound Shull Plumbing to the terms of various Trust Agreements, which created the trust funds responsible for receiving employer contributions. SOF ¶ 8.

Under the CBA and Trust Agreements, Shull Plumbing was required to (1) submit a monthly "Contribution Report" listing the number of hours worked by covered employees and all amounts deducted from employees' paychecks for union dues; (2) contribute to the trust funds at a pre-determined rate for each hour worked

by a covered employee; and (3) remit payment of all union dues collected during each reporting period. SOF ¶¶ 9-10.

On January 4, 2013, the parties signed a Settlement Agreement under which the Defendants agreed to pay a principal balance of $70,363.29 over twelve months for unpaid contributions, liquidated damages, interest, and attorney's fees.[2] SOF ¶¶ 13-14. The Settlement Agreement also required the Defendants to submit timely Contribution Reports and payments for the duration of the agreement. SOF ¶ 15. Sheldon "Jack" Shull is personally liable for all obligations under the Settlement Agreement. SOF ¶ 16.

The Defendants failed to pay contributions, 401(k) elective deferrals, or union dues from February 2013 through at least July 2013. SOF ¶ 18. Pursuant to an acceleration clause in the Settlement Agreement, the Plaintiffs demanded full payment of all amounts owed. SOF ¶ 19. The acceleration clause also provides that in the event of a breach, the Defendants "hereby confess judgment or any and all unpaid amounts." *See* Docket No. 1 at Ex. 3 (¶ 7).

As of July 31, 2013, the Defendants owed a total of $148,599.39 consisting of (1) $41,511.16 from the principal

---

[2] Under the CBA and Trust Agreements, Shull Plumbing is required to pay (1) liquidated damages equal to ten percent of the unpaid contributions; (2) interest of one percent per month for each month that contributions remained unpaid; and (3) reasonable attorney's fees and costs. SOF ¶ 12.

balance of the Settlement Agreement; (2) $101,315.72 for unpaid contributions, 401(k) elective deferrals, union dues, liquidated damages, and interest from February 2013 through July 2013; and (3) $5,772.51 in attorney's fees and costs incurred in connection with enforcing the Settlement Agreement and filing this lawsuit. SOF ¶¶ 20-23.[3]

## II.

The foregoing facts are undisputed and sufficient to grant the Plaintiffs' motion for summary judgment. I hereby enter a judgment for the Plaintiffs and against Shull Plumbing and Sheldon "Jack" Shull, jointly and severally, in the amount of $148,599.39.

I also grant the Plaintiffs leave to file a motion to amend this judgment to reflect any damages sustained after July 30, 2013.

**ENTER ORDER:**



_____
Elaine E. Bucklo
United States District Judge


Dated: October 15, 2013

_____

[3] The Plaintiffs have reduced the amounts owed for monthly contributions, 401(k) elective deferrals, and union dues to reflect partial payments received from general contractors in exchange for partial lien waivers. *See* Dkt. No. 14 at 5 n.1.